No. 93-104

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

RAY D. GANDY and NORMA L. GANDY,

      Plaintiffs, Appellants,
      and Cross-Respondents,

  v.

JANET E. ESCHLER, individually, and
LORI L. ESCHLER and BURKE ESCHLER,
Personal Representatives of the
Estate of JAMES P. ESCHLER,

      Defendants, Respondents,
      and Cross-Appellants.

**FILED**

NOV - 2 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Kenneth E. O'Brien, Hash, O'Brien & Bartlett,
          Kalispell, Montana

      For Respondents:

          Donald Harris and Steven R. Milch, Crowley,
          Haughey, Hanson, Toole & Dietrich, Billings,
          Montana (Janet Eschler);
          Jerome Cate, Cate Law Firm, Whitefish,
          Montana (Estate of James P. Eschler

Submitted on Briefs:  June 10, 1993

Decided:  November 2, 1993

Filed:

_____
        Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellants Ray and Norma Gandy appeal from an order of the Thirteenth Judicial District Court, Yellowstone County, granting partial summary judgment to respondents Janet, Lori, and Burke Eschler, personal representatives of the Estate of James P. Eschler. The order denied Gandys' claim that the Eschlers specifically perform on a contract for deed for real property located in Yellowstone County. Gandys also contest the amount of award for attorney fees. Eschlers cross-appeal on the award of attorney fees.

We affirm.

Appellants present one issue on appeal which we rephrase as follows:

1. Did the District Court err in granting partial summary judgment when it ruled that Gandys were not entitled to specific performance?

Eschlers cross-appeal with the following issue:

2. Did the District Court err in granting attorney fees to Gandys when they did not prevail on the motion for partial summary judgment?

Appellants also appeal the amount of attorney fees.

On December 22, 1977, William and Sally Fried entered into a contract for deed with Richard and Jeannie Martin for rental property located in Yellowstone County. The parties placed the contract in escrow.

on September 29, 1983, Martins sold the same property to James and Janet Eschler using a contract for deed. The purchase price of the contract was $315,000, which included a $50,000 down payment. On the date of execution, Martins placed a warranty deed in escrow. Eschlers purchased subject to the December 22, 1977, underlying contract, but did not assume the contract.

On October 4, 1984, Martins assigned their sellers' interest in the 1983 contract to a party known as Avrill. On December 12, 1985, Avrill assigned his seller's interest to Gandys for $80,000.

In June 1987, Eschlers notified Gandys that no further monthly payments would be made upon the contract. At that time, Eschlers had made all payments when due. On July 6, 1987, Eschlers notified Gandys that they would furnish a quitclaim deed in return for a release from further obligation.

From August 1987, until March 1988, the parties attempted to negotiate a resolution to the problem. On March 30, 1988, the parties entered into a written agreement wherein Eschlers agreed to pay $20,000, with interest, to Gandys for satisfaction of Gandys' claim for the balance due and owing under the September 29, 1983, agreement. At the time the parties entered into the second agreement, Frieds gave both parties notice of default and repossessed the real estate in December 1987.

Eschlers did not make timely payments and defaulted on the March 30, 1988, agreement. On April 24, 1991, Gandys initiated this action under the March 30, 1988, agreement seeking the

underlying contract price of $258,640, plus interest, or in the alternative, Gandys sought $20,000 from the breach of the March 30, 1988, contract. On May 27, 1992, Eschlers filed a motion for partial summary judgment on the basis that Gandys' claim for specific performance failed as a matter of law. On August 6, 1992, the District Court granted Eschlers' motion for partial summary judgment. On August 17, 1992, Eschlers filed an offer of judgment for $20,000, which included all costs incurred at that time. Gandys did not respond to the offer, but instead filed a motion for reconsideration. On December 23, 1992, Eschlers filed a motion for entry of judgment on the balance remaining on the 1988 contract, which the District Court granted. The court entered judgment in favor of Gandys for $15,757.53 and $1,200.00 in attorney fees. Gandys appeal the judgment of the District Court.

## I.

Did the District Court err in granting partial summary judgment when it ruled that Gandys were not entitled to specific performance?

When determining whether a district court erred on a motion for summary judgment, our standard of review is the same as that of the district court. It is proper for the district court to grant summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. The court may examine the pleadings, depositions, answers to interrogatories, and admissions in the

4

record to establish facts to determine if the applicable law warrants the granting of summary judgment. Kondelik v. First Fidelity (Mont. 1993), 857 P.2d 687, 692, 50 St. Rep. 874, 876-77.

Gandys contend that the District Court should have allowed them to sue for the balance of the purchase price of the underlying contract because it was Eschlers who defaulted and prevented Gandys from vesting Eschlers with title. In essence, Gandys argue that persons who prevent the performance of the terms of the contract cannot avail themselves of the nonperformance which their actions have prevented.

We have stated that:

> A request for a money judgment for the balance of the purchase price which may be awarded in an action at law has been deemed identical to a decree of specific performance, which requires the buyer to pay the balance of the purchase price. That being so, once the buyers have paid the money judgment, the seller must convey title to the property. Such would be required if the decree were of specific performance; and since the money judgment has been deemed identical to a decree for specific performance, the money judgment carries with it the same requirement that the seller perform. [Citation omitted].

Glacier Campground v. Wild Rivers, Inc. (1979), 184 Mont. 543, 560-61, 597 P.2d 689, 699.

To obtain specific performance, both parties must be able to perform their obligations of the contract. Section 27-1-414, MCA. Here, for Gandys to succeed on their claim for specific performance they must be able to convey title of the Yellowstone County land to Eschlers.

5

Gandys maintain that they are not required to perform their end of the 1983 contract because Paragraph 4 of the March 30, 1988, contract releases and discharges them from performing any obligation resulting from the September 29, 1983, agreement. Gandys also contend that Paragraph 5 of the March 30, 1988, contract allows them to sue for the full balance of the purchase price of the underlying contract.

Paragraph 4 states:

> ESCHLERS hereby release and forever discharge GANDYS from the performance or non-performance of any duties or obligations, as well as any and all other liabilities resulting from, arising out of, or in any way associated with said agreement dated September 29, 1983.

When determining the intention of the parties, we look to the contract as a whole to determine its meaning and not be bound by a single provision or expression. St. Paul Fire & Marine Ins. Co. v. Cumiskey (1983), 204 Mont. 350, 363, 665 P.2d 223, 229.

The contract contains mutual release language. Paragraph 3 discharges Eschlers from their obligation only upon the payment of the $20,000. Paragraph 3 states:

> Upon compliance of Paragraph 1, above, by payment in full sum of Twenty Thousand Dollars ($20,000.00), plus interest, GANDYS hereby release and forever discharge ESCHLERS from the performance or non-performance of any duties or obligations, as well as any and all other liabilities resulting from, arising out of, or in any way associated with said agreement dated September 29, 1983.

Upon reading Paragraph 3 with Paragraph 4, it becomes clear that the parties mutually agreed to release each other from their respective obligations under the September 29, 1983, contract. Accordingly, Gandys are still required to convey title of the

6

Yellowstone County property when suing for the balance of the purchase price of the underlying contract. Gandys cannot compel specific performance because they no longer have title to the land.

Our analysis does not stop here. Assuming arguendo that if the District Court compelled Eschlers to specifically perform under the contract, Gandys would receive the full purchase price for the land, Martins would have title to the land, and Eschlers would be left with nothing. We will not compel specific performance when it becomes oppressive upon the party required to specifically perform. Section 27-1-413, MCA. Under these circumstances, enforcing specific performance would operate harshly against Eschlers. We hold that the District Court did not err in granting summary judgment.

## II.

Did the District Court err in granting attorney fees to Gandys when they did not prevail on the motion for partial summary judgment?

Paragraph 6 of the March 30, 1988, contract provides for the following:

> In the event that either party shall institute legal action for the enforcement of any right, obligation, provision or covenant of this agreement, they shall be entitled to a reasonable attorney's fee in addition to costs of suit.

The right to attorney fees is reciprocal to all parties to the contract in any action based on the contract, despite which party initiates the action. Carey v. Wallner (1986), 223 Mont. 260, 267, 725 P.2d 557, 562: § 28-3-704, MCA. The prevailing party suing

7

under the contract has the right to attorney fees. Section 28-3-704, MCA.

Eschlers claim that they are the prevailing party because they have successfully defended against Gandys' specific performance claim. In addition, Eschlers filed a motion for summary judgment for the unpaid portion of the $20,000 obligation. Gandys did not oppose the motion and the District Court granted summary judgment.

When Eschlers filed their answer and motion to dismiss to Gandys' amended complaint and their motion for partial summary judgment, along with the briefs submitted, they stated that Gandys should take nothing by way of their complaint. Gandys, in addition to their specific performance claim requested a judgment for "such other sum as the Court may conclude resulted from the Defendant's breach of the March 30, 1988, Agreement." This is presumably the unpaid portion of the $20,000. The court granted summary judgment for the requested amount. We hold that since Gandys prevailed in obtaining a judgment for the unpaid portion of the March 30, 1988, contract then the District Court did not err in granting attorney fees.

Finally, Gandys complain that the District Court erred in the amount of attorney fees that it granted. Gandys offer no authority for this proposition.

The district court has discretion to determine the amount of attorney fees. Stewart v. Casey (1979), 182 Mont. 185, 193, 595 P.2d 1176, 1181. We will not overturn a district court's decision absent an abuse of discretion. Gandys' attorney filed an affidavit

stating that attorney fees amounted to $2762 when working for 27 hours at a rate of $85 an hour from the time the action commenced until August 17, 1.992, and adding an additional 5.5 hours for work performed after August 17, 1992. On August 17, 1992, Eschlers filed an offer of judgment for $20,000. The District Court determined that the request for attorney fees was not reasonable and awarded $1200 in fees.

Apparently, the court concluded that Gandys had an early opportunity to settle the claim for $20,000, but created delay. In the partial summary judgment order, the court stated that it would be inclined to grant summary judgment for Gandys on their claim for breach of the March 30, 1988, contract. Eschlers filed an offer of judgment of $20,000 after the court granted partial summary judgment. Gandys did not accept the offer and the court entered a judgment for less than the offer. Rule 68, M.R.Civ.P. The court stressed that there was a change of venue, Gandys amended their complaint, and Gandys requested a motion to reconsider the partial summary judgment. We hold that the District Court did not abuse its discretion when it determined the amount of attorney fees.

We affirm.

William E. Hunt

Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10