No. 98-701

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 121N

ROY E. WATSON and

DARLENE DURAND,

Plaintiffs and Appellants,

v.

EDMOND D. ORSER and

EMMA J. ORSER,

Defendants and Respondents.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Damon D. Obie, Obie Law Firm, Billings, Montana (Darlene Durand); Roy E. Watson, Hardin, Montana (pro se)

For Respondent:

Robert E. LaFountain, Billings, Montana

Submitted on Briefs: April 8, 1999

Decided: May 28, 1999

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Darlene Durand and Roy E. Watson (Appellants) appeal from the September 2, 1998 findings of fact, conclusions of law, and order entered by the Thirteenth Judicial District Court, Yellowstone County, determining that the remedy of specific performance was not available to Appellants, and that the contract made between Appellants and Edmond and Emma Orser (the Orsers) was null and void. We affirm.**

**¶3. Appellants present the following issues for review:**

**¶4. 1. Did the District Court err in concluding that the agreement was null and void?**

**¶5. 2. Did the District Court err in finding that Appellants were required to make monthly installment payments when the Orsers had not provided a title abstract or title insurance?**

**¶6. 3. Did the District Court err in concluding that the remedy of specific performance was not available to Appellants?**

**¶7. 4. Did the District Court err in concluding that the Orsers were entitled to retain the $5000 down payment Appellants had paid the Orsers as reasonable rental value for the use of Tract A for grazing purposes?**

¶8. This Court will not overturn a district court's findings of fact unless those findings are clearly erroneous. Rule 52, M.R.Civ.P.; Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. We review a district court's conclusions of law to determine whether the court's interpretation of law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶9. This case involves the sale of certain adjoining tracts of land (collectively "Tract A") owned by the Orsers and located in Yellowstone County. On January 18, 1994, the parties executed a Receipt and Agreement to Sell and Purchase (Agreement) for the purchase of Tract A, less five acres surrounding the Orsers' shop, for a price of $71,000. The parties used a form agreement and did not seek legal counsel. The Agreement contemplated that Appellants would pay the Orsers $500 earnest money upon signing the Agreement and $4500 on March 15, 1994, the date of closing. The remaining $66,000 was to be amortized at the rate of 7% over fifteen years, with the first installment payment due on April 15, 1994. The Agreement also provided that the Orsers were to transfer the real property by warranty deed and furnish Appellants either an abstract of title showing merchantable title to Tract A or a title insurance policy.

¶10. Appellants paid the $500 earnest money upon signing the Agreement and immediately took possession of the land for grazing purposes. However, the closing scheduled for March 15, 1994, did not occur, and Appellants did not pay $4500 on that day. The parties dispute why the closing did not occur. Appellant Watson testified that the closing did not occur because the Orsers had not yet completed the legal process of reserving from Tract A the five acres surrounding their shop and, consequently, could not deliver a title abstract or title insurance to Appellants. However, Edmond Orser testified that the closing did not occur because Appellants did not have the $4500 and because Appellant Durand had not drawn up the contract for deed as she had promised. Edmond Orser testified that the Agreement did not provide for a date when reservation of the five acres was to be completed, or a date when the abstract of title or title insurance policy was to be delivered. Edmond Orser stated that he thought the parties simply "had a fair understanding that it was going to happen." He further testified, "we just let it kind of take its course by the fact that we weren't getting paid." All parties acquiesced to a future closing date, but there was no agreement that installment payments would be waived.

¶11. On March 30, 1994, two weeks after the initial closing date, Appellants paid

$2000 of the $4500, and paid the remaining $2500 more than one year later on April 12, 1995. Appellants did not pay any installment payments. The Orsers requested payments on occasion but were inconsistent with their demands. In December 1996, Edmond Orser told Appellant Durand that he considered the Agreement null and void and that he was going to sell Tract A to someone else. Appellants then tendered two payments of $593 in February and March of 1997. The Orsers did not cash these checks. Appellants then initiated this action for specific performance and breach of contract. Defendants answered and counterclaimed, requesting, among other relief, rescission of the contract and recovery of the land.

¶12. With respect to Issue 1, we determine that the District Court did not err in concluding that the Agreement was null and void. The record demonstrates that neither party performed their respective obligations under the Agreement. Appellants did not prepare the contract for deed and did not pay the entire $4500 on the date of closing. Similarly, the Orsers did not provide a title abstract or title insurance. Although the parties acquiesced to a future closing date, no date was thereafter discussed much less agreed upon by the parties.

¶13. Further, the record demonstrates that there was no "meeting of the minds" with regard to the terms of the Agreement. The parties left blank a space on the Agreement providing for the date of the Orsers' performance. The Agreement did not provide for a contract for deed much less specify who was to prepare the contract for deed. This matter is central to the very performance of the contract. Although the parties had contracted once before for the purchase of land and had established a course of conduct, their conduct in contracting for the present sale of land so varied from the established course of conduct that it is difficult to ascertain the parties' intent. We have held there must be mutual assent or a meeting of the minds on all essential elements or terms to form a binding contract. Chadwick v. Giberson (1980), 190 Mont. 88, 92, 618 P.2d 1213, 1215. We hold that the court did not err in determining the parties' Agreement null and void. Because we hold the Agreement was null and void, we need not decide Issue 2.

¶14. With respect to Issue 3, we determine the court correctly concluded that the remedy of specific performance was not available to Appellants. To obtain specific performance,

both parties must be ready, willing, and able to perform their obligations of contract.

*See* Section 27-1-414(2), MCA; Gandy v. Eschler (1993), 261 Mont. 355, 359, 862 P.2d 1116, 1119. Appellants failed to present any evidence to the District Court supporting their claim that they were ready, willing, and able to perform. Under these circumstances, specific performance was not available to Appellants.

¶15. Finally, with respect to Issue 4, we determine that the court did not err in allowing the Orsers to retain the $5000 paid by Appellants as the reasonable rental value for Appellants' use of Tract A for grazing purposes. The fact that the parties' Agreement was silent as to rent is irrelevant because the award of rent to the Orsers was equitable in nature. We also reject Appellants' argument concerning the open range doctrine. Because the parties failed to perform in accordance with the terms of the Agreement, and because there was no meeting of the minds, we do not agree that Appellants' use of Tract A was under a claim of right.

¶16. Affirmed.


/S/ WILLIAM E. HUNT, SR.



We Concur:


/S/ J. A. TURNAGE

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER